**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Gracshawn Thomas,** )<br>)<br>**Petitioner,** )<br>)<br>**vs.** )<br>)<br>**Warden Charmaine Bracy,** )<br>)<br>**Respondent.** ) | **CASE NO. 5:17 CV 1769**<br><br>**JUDGE PATRICIA A. GAUGHAN**<br><br><br><br>**<u>Memorandum of Opinion and Order</u>** |

### **<u>Introduction</u>**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge William Baughman, Jr. (Doc. 17), which recommends granting the Respondent's Motion to Dismiss Petitioner's petition for writ of habeas corpus pending before the Court and dismissing the petition as time-barred. Petitioner filed objections to the recommendation. For the following reasons, the Court finds Petitioner's objections to be well-taken. It, therefore, declines to accept the Report and Recommendation. Respondent's Motion to Dismiss (Doc. 7) is DENIED.

1

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

**Background**

On June 9, 2014, a jury found Petitioner guilty of aggravated murder, among other things. Petitioner hired Gary Levine in April of 2014 to represent him on appeal and paid him $7,400 to do so. Levine visited with Petitioner in prison and spoke with him a number of times by phone. Levine promised to file the appeal, but Petitioner's appellate brief was filed by appointed counsel on December 1, 2014, instead. In fact, Levine did not enter an appearance until December 4, 2014. The court permitted appointed counsel to withdraw on January 23, 2015. That same day, Levine filed a motion to strike appointed counsel's brief, but the court denied the motion on February 9, 2015. Levine did not file any briefing in the court of appeals.

The Ohio Ninth District Court of Appeals affirmed Petitioner's conviction on June 17, 2015. Petitioner states that neither Levine nor appointed counsel timely informed him of the court of appeals' decision. He further states that Levine promised him that he would file a timely direct appeal to the Ohio Supreme Court, but he did not do so.

Levine also told Petitioner that he would file an application to reopen the appeal pursuant to Ohio App. R. 26(B). Such an application "shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Levine and Petitioner had several phone

2

conversations about Levine filing the application. He told Petitioner that he had mailed the application to the court, but when Petitioner checked the docket, he saw that it had not been filed. Levine then told Petitioner that he would drive it to the court himself. Levine, however, never filed the 26(B) application, and Petitioner had to file it pro se on September 16, 2015. On March 30, 2016, the court of appeals denied the application as untimely (the application was filed one day beyond the 90-day deadline). The court refused to consider Petitioner's grounds for filing the application a day late because he did not argue that there was good cause for his delay until his reply to the State's memorandum in opposition.

Through new counsel, Petitioner moved for reconsideration on April 8, 2016. The court denied the motion on June 1, 2016. On July 12, 2016, Petitioner appealed, pro se, the decision denying his application to reopen his appeal and the decision denying his motion for reconsideration to the Ohio Supreme Court. The Ohio Supreme Court declined to accept jurisdiction on August 31, 2016.

Meanwhile, Petitioner, pro se, filed a motion for leave to file a delayed appeal on August 10, 2016. The Ohio Supreme Court denied the motion on October 5, 2016.

On August 23, 2017, Petitioner, through new counsel, filed his petition for habeas corpus now pending in this Court.[1]

---

[1] On August 23, 2017, Petitioner also filed an application to re-open his appeal pursuant to Ohio App. R. 26(B)(2)(b). The Ohio court of appeals denied Thomas's application on October 2, 2017.

Petitioner states that Levine promised that he would file his federal petition for a writ of habeas corpus, but he did not do so.

3

**Discussion**

Respondent moved to dismiss Petitioner's petition as untimely because it was filed more than one year after the time expired for filing an appeal to the Ohio Supreme Court. Respondent also argued that neither statutory nor equitable tolling save the petition from being untimely. Magistrate Judge Baughman agreed and recommends dismissing the petition as time-barred.

Under the AEDPA, Petitioner had one year to file his petition from the date his conviction became final by the conclusion of direct review, or the expiration of the time for seeking such review. The Ohio court of appeals affirmed the conviction on June 17, 2015. Petitioner did not appeal to the Ohio Supreme Court, and the 45 days in which to do so expired on August 3, 2015. The time period for filing his habeas petition began running the next day, and, absent any tolling events, it would have expired one year later on August 4, 2016.

Petitioner argues that equitable tolling applies and saves his petition from being untimely.[2] Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). The doctrine is granted by courts only "sparingly." *Id.* In order to be entitled to equitable tolling, a habeas petitioner must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted).

Petitioner asserts that he is entitled to equitable tolling because he has been diligently pursuing his rights and because Levine's egregious conduct caused the delay in filing his motion

---

[2] Petitioner does not argue that statutory tolling applies.

to reopen his appeal. The Magistrate Judge concluded that equitable tolling did not apply because ineffective assistance of counsel cannot provide a basis for equitable tolling where there is no federal constitutional right to counsel. (R&R at 4). Because there was no such right to counsel in appealing to the Ohio Supreme Court or in filing a R. 26(B) application, he concluded that there was no basis for equitable tolling in this case. He also found that Petitioner failed to act with diligence in pursuing his rights. This Court disagrees with the Magistrate Judge's conclusions.[3]

In certain circumstances, attorney misconduct can "amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling." *Holland*, 560 U.S. at 651. While courts generally find that even gross negligence does not qualify as an extraordinary circumstance, situations where an attorney's misconduct essentially severs the principal-agent relationship with the client can form the basis of an equitable tolling claim. *See Maples v. Thomas*, 565 U.S. 266, 282 (2012) (analyzing *Holland* in determining whether petitioner had demonstrated cause to excuse a procedural default in state court). Thus, "under agency principles, a client cannot be charged with the acts or omissions of an attorney who has abandoned him. Nor can a client be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him." *Id.* at 283.

Here, Petitioner has presented facts sufficient to establish that Levine engaged in egregious behavior that constitutes an extraordinary circumstance sufficient for equitable tolling. Levine assured Petitioner on multiple occasions that he would perform tasks that he never

---

[3] The Magistrate Judge also found that Petitioner cannot assert actual innocence because the evidence was available at the time of trial. The Court agrees with this conclusion.

5

performed. Worse, he told Petitioner that he had mailed the application to reopen when, in fact, he had not and then promised that he would drive the motion to the court himself but never did so. Levine's misrepresentations and effective abandonment of his client severed the agency relationship with Petitioner and meet the first prong of the equitable tolling doctrine.

The Court also finds that Petitioner has acted with diligence in pursuing his rights. Based on Levine's assurances that he was acting on Petitioner's behalf, including that he had, in fact, filed the application to reopen, Petitioner had no reason to believe that Levine was failing to represent him. Once he discovered Levine's misrepresentations, Petitioner acted on his own behalf in filing the application to reopen pro se, submitting it just one day late. He then continued to diligently pursue his rights, including by filing a timely motion for reconsideration of the denial of the application to reopen and a timely appeal to the Ohio Supreme Court.

**Conclusion**

For the reasons set forth herein, the Court declines to accept the Report and Recommendation. Respondent's Motion to Dismiss (Doc. 7) is DENIED. The Court re-refers this matter to the Magistrate Judge for consideration of Petitioner's grounds for relief and any applicable procedural defenses.[4]

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court

---

[4] Because the motion to dismiss was limited to the statute of limitations, a full return of writ and traverse should be ordered.

Dated: 9/28/18                               Chief Judge